To this plea there was a general demurrer and joinder.

Mr. C. C. Lee and Mr. Jones, in support of the demurrer, contended that the defendant could not deny the guardianship without denying the record, by plea of nul tiel record.

Mr. Marbury, contra. It is not necessary that the plaintiff should show himself to be guardian by matter of record. He might have been guardian by other means; and the record does not show an appointment by the orphans' court. It is only where the cause of action, or matter of defence, is matter of record, that it is necessary to refer to the record, or to plead nul tiel record. It is like the plea of never administrator.

Mr. Redin, on the same side, cited 1 Chit. 481, and 2 Chit. 450, that the plea of nul tiel record only denies the existence of the record. If J. T. Ritchie might have been guardian, although there might have been no such record, nul tiel record would have been a bad plea. This court has decided, in the case of Mauro v. Ritchie [Case No. 9,312], that the appointment was absolutely void, because the judge of the orphans' court had not jurisdiction. It is therefore no record.

THE COURT (THRUSTON, Circuit Judge, absent) gave judgment for the defendant upon the demurrer:

1. Because, as the record set forth in the declaration, was not the foundation of the action, but was only matter of conveyance or inducement, the plea of nul tiel record was not an answer to the whole count; for the count avers letters of guardianship, and makes a profert of them; and non constat, that Ritchie was not guardian, although not appointed by the orphans' court, as is supposed to have been stated in the record set forth in the declaration; and notwithstanding the issue on the plea of nul tiel record, if it had been pleaded, might have been found for the defendant, the plaintiffs would not have been precluded from showing that Mr. Ritchie was guardian by other means.

2. Because nul tiel record is not a good plea where the record is "showed forth;" but the defendant may deny the operation thereof; namely, that the record does not show the appointment. Com. Dig. "Pleader" (2 W. 13); Young v. Pennington, Hardr. 158; System of Pleading, 368, 369; Eden's Case, 6 Coke, 15b, and Co. Litt. 260a, says, "If a grant, by letters patent under the great seal be pleaded and showed forth, the adverse party cannot plead nul tiel record; for that it appears to the court that there is such a record; but inasmuch as it is in the nature of a conveyance, the party may deny the operation thereof; therefore he may plead non concessit, and prove in evidence that the king had nothing in the thing granted, or the like; and so it was adjudged."

3. Because nul tiel record is not a necessary plea where the record is not the foundation of the action.

4. Because the record recited in the declaration does not purport to be an appointment of Mr. Ritchie, as guardian, and therefore the plea that he never was guardian, does not conflict with that record. The record only seems to take it for granted that he had been before appointed in some way not stated; perhaps by the infant himself. It is only an order that an existing guardian should give bond and security.

---

## Case No. 15,609.

### UNITED STATES v. LITTLE.

[1 Cranch, C. C. 411.] [1]

Circuit Court, District of Columbia. June Term, 1807.

#### CONSTABLE—FEES.

The constable is not entitled to any fee on an execution not served.

Indictment [against Israel Little] for taking illegal fees. The question was whether the constables are entitled to fifty cents for every execution returned, but not served. The act of congress says for every execution served and returned.

THE COURT (nem. con.) decided that the constables were not entitled to any fee upon an execution unless it be served and returned.

---

## Case No. 15,610.

### UNITED STATES v. LITTLE.

[2 Wash. C. C. 159.] [2]

Circuit Court, D. Pennsylvania. April Term, 1808.

#### WITNESS—PROCESS AGAINST—CONTINUANCE.

The court continued the cause, on the application of the defendant, a witness being absent in New Jersey; on the ground, that a state magistrate cannot issue process, for defendant's witnesses, into another state.

Indictment for a misdemeanour. The defendant was bound over by a state magistrate, and the recognizance, being returned into court, a bill was found this term. The defendant moved for a continuance, on the ground that his material witness left Philadelphia, before he was bound over, and went to New Jersey; and that, notwithstanding all his inquiries, he has not been able to hear of, or find him. The question was, whether the defendant had not been negligent, in not obtaining compulsory process, for the witness, from the magistrate who took the recognizance.

Mr. Hopkinson, for defendant, contended that the magistrate who binds over, cannot

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]